IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHUBE'S MANUFACTURING, INC., a New
Mexico corporation,

       Plaintiff,

   -vs-                                                                      Civ. No. 04-1024 LH/LFG

JUDITH CAROLE GUMM, an individual, and
JUDIE GUMM DESIGNS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, or in the Alternative, Transfer This Case to the United States District Court for the District of Alaska (Docket No. 8), filed November 5, 2004. The Court, having considered the Motion, the memoranda of the parties, and the applicable law, and otherwise being fully advised, finds that Defendants' Motion is not well taken and will be **denied**.

Plaintiff Shube's Manufacturing, Inc. ("Shube's") filed its Verified Complaint for Declaratory Judgment, Common Law Unfair Competition, Interference with Contractual Relations, Injunction and Damages ("Complaint") in this Court on September 10, 2004. Its dispute with Defendants Judith Carole Gumm and Judie Gumm Designs (collectively, "Gumm") involves jewelry, specifically

a certain acorn design that Shube's sold through a catalog published by Potpourri, Inc. ("Potpourri").

The events leading up to this lawsuit began when Defendants' counsel sent a letter entitled "CEASE AND DESIST NOTICE; NOTICE OF INTENT TO FILE SUIT" to Steve Steiner, CEO of Potpourri and Catalog Ventures, Inc., claiming that acorn earrings and a necklace in the catalogs violated Gumm's copyrights and trade dress rights under the Lanham Act. (Compl. ¶ 13-14, Ex. A.) After receiving a copy of the letter from Mr. Steiner, Judith Shube responded by letter dated December 13, 2003. (*Id.* ¶ 13, Ex. B.) She acknowledged that Shube's was the creator of the acorn jewelry displayed in the Potpourri catalog and requested copies of the "Copyright Registrations" and "the original deposit material (photo)," in order to review the situation. (*Id.* ¶ 17, Ex. B.) Defendants did not respond to Plaintiff's letter. (*Id.* ¶ 18.) On July 9, 2004, however, they filed a Complaint for Injunctive Relief and Compensatory and Punitive Damages against J.R.R.M., Inc. and The Knowles Company, Inc. in the United States District Court for the District of Alaska. (*Id.* ¶ 18; Statement Points and Authorities Supp. Mot. Dismiss, or Alternative, Transfer This Case United States District Court District Alaska ("Stmt. Pts. and Auths.") at 1.) The defendants in the Alaska case apparently are both dissolved Massachusetts corporations "with no relationship whatsoever to the Potpourri catalog, with the sale or distribution of the allegedly infringing pieces, or with any activities being conducted by Shube's." (Compl. ¶¶ 18, 19.) Plaintiff subsequently filed this action in the District of New Mexico.

Rather than answering the Complaint, Defendants move for dismissal of this case or for its transfer to the District of Alaska, where they contend a related case is pending. They argue for dismissal on grounds that there is no case or controversy concerning Shube's, as it was not named

as a party in the Alaska case, and that Shube's may not even have an interest in the Gumm copyright, as the Potpourri catalog carried two different types of acorn jewelry and the offending designs may not be Shube's. They further assert that this suit is premature and that Shube's can intervene in the Alaska case if its products actually are involved. Finally, Defendants contend that declaratory judgment actions should not be allowed to permit those who are charged with infringement to choose the forum and that such actions can be dismissed or transferred when the same issues are pending in another district court.

In considering a motion to dismiss, the Court must liberally construe the pleadings, *Gas-A-Car, Inc. v. Am. Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir. 1973), accepting all material allegations as true, *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir. 1992). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

The Court is at a loss to determine why, just because Plaintiff was not named in the Alaska suit, there may not be a case or controversy between the parties in this matter. Indeed, the most general facts of the proceedings in the District of Alaska are unknown to this Court, as neither party has provided even a copy of the complaint from that action, offering instead only unsupported conclusory statements concerning it. Thus, while "[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit *if the same issue* is pending in litigation elsewhere," *Abbott*

3

*Labs. v. Gardner*, 387 U.S. 136, 155 (1967)(emphasis added), *overruled on other grounds by Califano v. Sanders* 430 U.S. 99 (1977), Defendants have not shown that the same issues are pending in Alaska or anywhere else. Also, whether Plaintiff's acorn jewelry is that of which Defendants' complain, remains to be determined. If it is not, Plaintiff and the Court can only await Defendants' Answer to that effect. Thus, the Court finds that Defendants have not set forth sufficient grounds for dismissal of this action.

Defendants' cite *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.* for the proposition that those who are charged with infringing a patent or a copyright should not be allowed to use declaratory judgment actions to choose the forum. 342 U.S. 180, 185 (1952)("The manufacturer *who is charged with infringing a patent* cannot stretch the Federal Declaratory Judgments Act to give him a paramount right to choose the forum for trying out questions of infringement and validity.") (emphasis added). Be this as it may, it begs the question: according to Defendants' own assertions, Plaintiff here has not been named as a party and therefore is not "charged" in the Alaska suit. (*See* Stmt. Pts. and Auths. at 1.)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute was enacted to allow easy transfer of a case when justice so requires. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). Discretion to transfer a case resides in the district court in which the case was originally brought and the decision to transfer should be considered on an individualized, case-by-case basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

4

The movant bears the burden of establishing that the current forum is inconvenient. *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978). Some of the factors that have been considered by the courts in the Tenth Circuit include: 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of the witnesses, 4) the expense to the parties of one venue over another, 5) difficulties that may arise from congested dockets of the courts, and 6) any considerations of a practical nature that make a trial easy, expeditious, and economical. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)(quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)); *Scheidt v. Klein*, 956 F.2d 963 (10th Cir. 1992).

Defendants make no argument with regard to Section 1404 other than "[i]f this case belongs anywhere, it should be transfered [sic] to the United States District Court for the District of Alaska," and state without citation to authority that "[t]he first case filed is the one which controls venue." (Stmt. Pts. and Auths. at 1.) Clearly Defendants have not met their burden and the Court will not grant their Motion to transfer this case.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, or in the Alternative, Transfer This Case to the United States District Court for the District of Alaska (Docket No. 8), filed November 5, 2004, is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**